# Miles et al. v. Booth.

June 13, 1941.

Harvey Lisle and Eugene Mosley, Jr., for appellants.

William O. Hays and J. Smith Hays for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing in part and affirming in part.

The Kentucky Bankers Associasion (to which we will hereinafter refer as the "Association") is a Kentucky corporation, and in 1938, during which the matters herein involved occurred, J. C. Nichols, who resided in Fayette County, was its president. By its proper authority there was established and published a standing offer of reward of $500 for the arrest and conviction of each person who robbed a member bank. A copy of that offer was conspicuously posted in the bank of each of its members, in which it was said that the reward was to be paid, if earned under its terms for the robbing of "This bank." Another stipulation therein said: "If conflicting claims are made for This reward, the Association shall be discharged from all liability upon paying such re-

ward into the Circuit Court of This County which shall finally determine such claims. This bank is a member of the Kentucky Bankers Association and one of the Guarantors of the Reward.''

A copy of the offer was posted beside the cashier's window of the Farmers Bank of Milton, Kentucky, located in Trimble county. On February 8, 1938, at about noon that bank was robbed by William Burgess, Frank Burgess, Carl Willis and Sidney Carter. They were afterwards indicted in the Federal District Court for the Eastern District for Kentucky, and each of them convicted under a plea of guilty, followed by verdicts to that effect and sentence entered. The offered rewards by the Association for the arrest and conviction of Carter and Willis were setled and neither of them is involved in this litigation. But conflicting claims were made by appellee and plaintiff below, Omer Booth (who was the jailer of Clark County), and the two defendants, Carroll Miles and H. A. Spillman, as to who was entitled to the rewards due from the Association for the arrest and conviction of Frank and William Burgess, amounting in the aggregate to $1,000. Claiming the exclusive right to both rewards appellee filed this action in the Clark circuit court against the Association and Miles and Spillman, in which he averred that he, on or about March 4, 1938, arrested Frank Burgess in Clark County and kept him in his jail until about March 18th of the same year, on which latter day he (Frank Burgess) confessed to the robbery and implicated his three later convicted partners as joint participants therein. Plaintiff further averred that on the day set for the trial three of the accused entered a plea of guilty, but William Burgess entered a plea of not guilty, but which he retracted on the next day when informed of the confession of his brother Frank by plaintiff, and he then entered a plea of guilty. Therefore, plaintiff claimed that he was entitled to the $500 reward offered for the arrest and conviction of Frank Burgess and that he was entitled to the same amount for the conviction of William Burgess because he had informed the latter of the confession of his brother Frank, which induced him to withdraw his first plea of not guilty and substitute therefor a plea of guilty.

The Association answered and stated, in substance, that there were conflicting claims to the reward offered

for the arrest and conviction of William and Frank Burgess, and that its offer in that event prescribed that it might pay the amount due "into the circuit court of This (Trimble) County, which shall finally determine such claims." It then alleged that it was ready and willing to pay the claim as prescribed in its offer, but that it had no right to pay the amount in any other manner or in any other way. However, the Court ruled otherwise and directed it to pay the amount ($1,000) to L. C. Aldridge, clerk of the Clark circuit court, "who shall hold same subject to the further orders of this court." That order was complied with by the Association and it retired from the case. The other two defendants and appellants here, Carroll Miles and H. A. Spillman, were and are citizens of Trimble County, the former being the sheriff at the time of the involved bank robbery; while Spillman was then only a private citizen of that county, and they were each summoned by the sheriff of their county. They each appeared in the Clark circuit court and filed special demurrer to plaintiff's petition whereby the venue of the action was drawn in question, but the court overruled them and they then each made motion to quash the return on the summons on them by the sheriff of Trimble County whereby they were attempted to be brought into the Clark circuit court, and those motions were also overruled. They then answered to the merits in which they denied the necessary services performed by plaintiff to entitle him to either reward, for which he sued, followed by a statement of facts under which they claimed the fund in contest.

Following pleadings made the issues and a trial before a jury under the instructions given by the court resulted in a verdict in favor of plaintiff for the entire reward offered for the arrest and conviction of Frank Burgess, and for one-third of the reward due to be paid by the Association for the arrest and conviction of William Burgess. The other two-thirds of the latter reward was divided by the jury equally between Miles and Spillman. From that judgment they prosecute this appeal, and plaintiff has moved for and been granted a cross-appeal, whereby he claims that he was entitled to the entire reward offered for the arrest and conviction of William Burgess, and that the court erred in not so instructing the jury.

Miles and Spillman properly raised the question of

the venue of the action as laid by plaintiff in the Clark circuit court, based upon the two grounds, (1) that the offerer of the reward incorporated therein, the venue or the particular court that should have venue to try any dispute between contesting claimants which was in this case the Trimble circuit court, and that if plaintiff obtained any rights at all to the reward by what he did in the premises he could assert them in no other court than the Trimble circuit court, since in performing his alleged services to entitle him to the reward, if any, he thereby accepted the offer as made and is bound by all of its terms, and (2) that the alleged local defendant (Kentucky Bankers Association) was improperly served in Clark County—it being done by the sheriff of that county on its president when he neither resided in that county nor was the company's principal office in the state located in that county, and that when he was served in Clark County it was while he was casually within it on a mission wholly disconnected with any of the matters involved. To say the least of it each of such grounds are more or less complicated, and, since we have concluded that on the merits plaintiff did not manifest his right to receive the rewards which he sought to recover by this action, neither of the grounds supra, contesting the venue of the action, will be determined and our opinion will be rested solely on the merits of the case.

It will not be necessary to go into detail as to how and in what manner Miles and Spillman, with the aid and assistance they procured, discovered the names of the persons who committed the robbery, it being sufficient to say that they made such discovery and procured warrants for the guilty quartet which were duly served on three of them, William Burgess, Carl Willis and Sidney Carter, the later of whom had confessed and implicated each of his confederates. William Burgess and Frank Burgess were brothers and the latter, it was discovered by the Federal agents and officers, resided in Clark County. Three of the Federal agents, one of whom was Mr. Frank Hurley, went to Winchester with the Federal warrant for the arrest of Frank Burgess. After arriving there they held a conference with plaintiff, Omer Booth, who was the jailer of that county, the sheriff of the county and one of his deputies. In that conference the state officers were informed of the purpose of the meeting, which was to locate and apprehend Frank Burgess. The sheriff and his deputy in-

formed the Federal agents that neither of them knew Frank Burgess, nor did they know the place in the county where he was then living. However, plaintiff. stated that he was acquainted with the culprit sought to be apprehended and that he knew where he resided. It was then arranged for Hurley, one of the three Federal agents who had gone to Winchester and who had the Federal warrant in his possession, the deputy sheriff, Franklin, and plaintiff to go to the residence of the defendant charged in the warrant and that plaintiff should do the actual arresting if the culprit was found. On the highway—which was Federal Highway No. 60—some distance out of Winchester they met Frank Burgess, who was walking on the highway towards Winchester. After passing him they agreed among themselves to retrace their steps and when he was overtaken the arrest would be made. Accordingly when they arrived immediately opposite Burgess, or just as they passed him, all three of the inmates of the automobile alighted and plaintiff approached him and said, according to his own testimony: "Frank, I am sorry, I will have to arrest you, this gentleman has got a warrant for you for the robbery of the Milton bank, and I arrested and searched him and turned him over to Mr. Hurley."

The other testimony in the case corroborated plaintiff in that statement, as well as the events leading up to the embarkation on the trip as we have related it, and which is all of the testimony affecting plaintiff's right to the reward offered for the arrest and conviction of Frank Burgess. With reference to his claim to the reward offered for William Burgess he stated that Frank Burgess—who was left in his charge by being placed in his jail temporarily—confessed to him, in which he stated his participation in the bank robbery, and that on the day of the trial in the Federal court in Frankfort he stated that fact to William Burgess and the latter then entered a plea of guilty which the other three had already done, and because of such facts he was also entitled to the reward offered for the arrest and conviction of William Burgess. The question, therefore, for decision is—Whether or not the practically undisputed facts as related constitute a performance by plaintiff of the offer for the rewards so as to entitle him to recover them?

In disposing of that question we will not attempt a

general discussion of the various kinds of rewards, nor what services are necessary to earn them, further than to say that they must be substantially performed by the claimant as made in the offer, and that they must be of such a kind and of such a nature as to accomplish the purpose for which the offer was made. Some rewards are offered for the apprehension of a known fugitive from justice, whilst others are offered to discover and identify an unknown criminal and to cause him to be apprehended and punished for the criminal act that he may have committed. The reward in this case was of the latter type; but the unapprehended criminal had then become known and his whereabouts discovered, and which left nothing to be done except taking him in charge to be dealt with according to law. The proper Federal officer was present with the necessary authority (warrant) for his apprehension. The only acts remaining unexecuted were (a) the meeting with the culprit so that he might be apprehended under the warrant, and (b) the physical act of executing it upon him. Plaintiff volunteered to become one of a trio to perform such unexecuted acts and which he did along with and in the presence of the other two members of the party and at the behest and request of the Federal agent who was then engaged in the performance of similar official duties.

The case of Heather v. Thompson, 78 S. W. 194, 195, 25 Ky. Law Rep. 1554, is one in which this court, as we conclude, determined the legal question involved herein, but the culprit in that case was a known fugitive from justice but his whereabouts were unknown. The appellee therein, Thompson, undertook to locate him for the purpose of obtaining the offered reward for his reapprehension. He did so, but being acquainted with the fugitive he thought it more practicable for another who was a stranger to him to actually make the arrest. Thereupon, he agreed to pay the plaintiff in that case— Heather—a sum of money to perform the physical act of arrest which he did, and later claimed the reward. The trial court dismissed his action, which was affirmed by this one. On the law as arising upon the facts stated, the opinion said: "It is manifest that the arrest of Griffin [the fugitive] was made at the instigation of appellee. In fact, he would not, in our opinion, have been arrested but for the investigation, industry, and zeal of the appellee." The court then proceeds to discuss other questions in the case, among which was that it was the

duty of appellant therein who was marshal of the town of Irvine, to make such arrests in the absence of an offered reward, and that under declared public policy in this jurisdiction he was not entitled to it. However, the approved ground particularly pertinent to the facts of this case is that the services rendered by appellant in that case were not performed in a manner to accomplish the purpose in offering the reward so as to entitle him to recover it. The fact that he was motivated in that case to make the arrest by an offer of compensation from the appellee who had performed the services entitling (appellee) him to the reward therein offered does not, as we conclude, affect the legal principle involved. It was the inducement therein for plaintiff to act; while here the inducement was the request made by Hurley, the Federal agent, that moved plaintiff to act. Compensation seems to have been demanded in the Heather case, but which was not done by plaintiff in this case, but the same determining question was and is involved in each case, i. e., whether or not the services performed in each case were sufficient to entitle the performer to the offered reward. We conclude that under the Heather opinion plaintiff is not so entitled and the court erred in adjudging him the $500 reward offered by the Kentucky Bankers Association for the arrest and conviction of Frank Burgess, even if he could have otherwise claimed it after substantial performance when he was a peace officer, who under the law is charged with the apprehension of felons, at least against the laws of the state of Kentucky, which Frank Burgess had violated, although he might also be guilty of violating a Federal law. However, we do not now determine the latter question, but if it is sound it would also apply to the claimed reward for the arrest and conviction of William Burgess, which branch of plaintiff's claim will now be determined.

William Burgess, as we have seen, was already under arrest and had been indicted when plaintiff first met him in the Federal courthouse in Frankfort, Kentucky. The associates in the commission of the crime with William Burgess had plead guilty, of which fact he necessarily became informed, and when plaintiff repeated to him that his brother Frank had likewise confessed he did nothing more than to restate to William Burgess a fact which he necessarily already knew. But if William Burgess had not learned at the time plaintiff

gave him the information referred to of the guilty pleas of his associates, then it is our conclusion that the mere giving to him by plaintiff of that information did not constitute a substantial compliance with the ojbect, purpose and terms of the offer of the reward, and that he in no event complied with it so as to entitle him to collect it. In some circumstances it might possibly be different, but in the undisputed facts of this case it is manifest, to our minds that plaintiff's alleged services with reference to earning the reward offered for William Burgess falls far short of a compliance with the terms of the offer of the reward, and that the court erred in adjudging him entitled to any part of it. Whether or not Miles and Spillman are entitled to the reward, as well as all other questions as between them and the Kentucky Bankers Association, are questions not here presented, and for which reason no opinion will be expressed with reference thereto.

Wherefore, the judgment is reversed on the appeal and affirmed in part and reversed in part on the cross-appeal, with directions to sustain the motion for a new trial, and set aside the judgment, with following proceedings consistent with this opinion.

The Whole Court sitting.