Murrell **DENNEY** et al., Appellants,

v.

Tilford **REPPERT** et al., Appellees.

Court of Appeals of Kentucky.

Oct. 11, 1968.

Kentucky, and with a display of arms and threats robbed the bank of over $30,000. Later in the day they were apprehended by State Policemen Garret Godby, Johnny Simms and Tilford Reppert, placed under arrest, and the entire loot was recovered. Later all of the prisoners were convicted and Garret Godby, Johnny Simms and Tilford Reppert appeared as witnesses at the trial.

The First State Bank of Eubank was a member of the Kentucky Bankers Association which provided and advertised a reward of $500.00 for the arrest and conviction of each bank robber. Hence the outstanding reward for the three bank robbers was $1,500.00. Many became claimants for the reward and the Kentucky State Bankers Association being unable to determine the merits of the claims for the reward asked the circuit court to determine the merits of the various claims and to adjudge who was entitled to receive the reward or share in it. All of the claimants were made defendants in the action.

At the time of the robbery the claimants Murrell Denney, Joyce Buis, Rebecca McCollum and Jewell Snyder were employees of the First State Bank of Eubank and came out of the grueling situation with great credit and glory. Each one of them deserves approbation and an accolade. They were vigilant in disclosing to the public and the peace officers the details of the crime, and in describing the culprits, and giving all the information that they possessed that would be useful in capturing the robbers. Undoubtedly, they performed a great service. It is in the evidence that the claimant Murrell Denney was conspicuous and energetic in his efforts to make known the robbery, to acquaint the officers as to the personal appearance of the criminals, and to give other pertinent facts.

The first question for determination is whether the employees of the robbed bank are eligible to receive or share in the reward? The great weight of authority answers in the negative. In Re Waggoner,

Ben D. Smith, Smith & Blackburn, Somerset, for appellants.

Robert E. Hatton, Louisville, James W. Lambert, Mt. Vernon, Charles C. Adams, Somerset, for appellees.

R. L. MYRE, Sr., Special Commissioner.

The sole question presented in this case is which of several claimants is entitled to an award for information leading to the apprehension and conviction of certain bank robbers.

Since the learned circuit judge of the Pulaski Circuit Court correctly set out the facts and the law in this case in a written opinion, we are affirming the judgment entered in accordance thereto and are adopting, in substance, the written opinion of the circuit judge as the opinion of this court.

On June 12th or 13th, 1963, three armed men entered the First State Bank, Eubank,

47 S.D. 401, 199 N.W. 244, 245 (1924) states the rule thusly:

"To the general rule that, when a reward is offered to the general public for the performance of some specified act, such reward may be claimed by any person who performs such act, is the exception of agents, employes and public officials who are acting within the scope of their employment or official duties. * *."

Or, as the rule was set forth in Forsythe v. Murnane et al., 113 Minn. 181, 129 N.W. 134, 135 (1911):

"* * * The defendant Delaney is and during all the times herein mentioned has been, employed by defendant Great Northern Railway Company * * and by virtue of such employment it was his duty to do and perform all the things that were done and performed by him in the matter of the arrest, identification, and prosecution * * *.

"It is clear that defendant Delaney is not, in view of * * * his contractual relations and the duties in the premises * * * entitled to any part of the reward. * * *."

In Stacy v. President, etc., of State Bank of Ill., 4 Scam., Ill., 91 (1842) it was held that a director of a bank was not entitled to share in the reward offered by the bank for the arrest of a robber because it was his duty as a director to further the best interests of the bank, and apprehending one who had robbed the bank was in the best interest of the bank. Also in accord see 77 C.J.S. Rewards § 35, page 381; Union Pac. R. Co. v. Belek et al. (D.C.D. Neb.) 211 F. 699 (1913) and Charles Spinney v. United States, 32 Ct.Cl. 397 (1897).

■ At the time of the robbery the claimants Murrell Denney, Joyce Buis, Rebecca McCollum, and Jewell Snyder were employees of the First State Bank of Eubank. They were under duty to protect and conserve the resources and moneys of the bank, and safeguard every interest of the institution furnishing them employ-

ment. Each of these employees exhibited great courage, and cool bravery, in a time of stress and danger. The community and the county have recompensed them in commendation, admiration and high praise, and the world looks on them as heroes. But in making known the robbery and assisting in acquainting the public and the officers with details of the crime and with identification of the robbers, they performed a duty to the bank and the public, for which they cannot claim a reward.

■ The claims of Corbin Reynolds, Julia Reynolds, Alvie Reynolds and Gene Reynolds also must fail. According to their statements they gave valuable information to the arresting officers. However, they did not follow the procedure as set forth in the offer of reward in that they never filed a claim with the Kentucky Bankers Association. It is well established that a claimant of a reward must comply with the terms and conditions of the offer of reward. Miles et al. v. Booth, 287 Ky. 246, 152 S.W.2d 577 (1941).

■ State Policemen Garret Godby, Johnny Simms and Tilford Reppert made the arrest of the bank robbers and captured the stolen money. All participated in the prosecution. At the time of the arrest, it was the duty of the state policemen to apprehend the criminals. Under the law they cannot claim or share in the reward and they are interposing no claim to it.

■ This leaves the defendant, Tilford Reppert the sole eligible claimant. The record shows that at the time of the arrest he was a deputy sheriff in Rockcastle County, but the arrest and recovery of the stolen money took place in Pulaski County. He was out of his jurisdiction, and was thus under no legal duty to make the arrest, and is thus eligible to claim and receive the reward. In Kentucky Bankers Ass'n et al. v. Cassady, 264 Ky. 351, 94 S.W.2d 622, 624, it was said:

"It is * * * well established that a public officer with the authority of the

law to make an arrest may accept an offer of reward or compensation for acts or services performed outside of his bailiwick or not within the scope of his official duties. * * *."

The claimant Tilford Reppert was present with Garret Godby and Johnny Simms at the time of the arrest and all cooperated in its consummation. The claimant Tilford Reppert personally recovered the stolen money. He recovered $2,000.00 more than the bank records show was stolen. This record does not reveal what became of the $2,000.00 excess.

It is manifest from the record that Tilford Reppert is the only claimant qualified and eligible to receive the reward. Therefore, it is the judgment of the circuit court that he is entitled to receive payment of the $1,500.00 reward now deposited with the Clerk of this Court.

The judgment is affirmed.

All concur.